IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARICE HILLIARD,
Plaintiff,

v.

Case No. 19–CV–00229–JPG

CITY OF VENICE, ILLINOIS,
VENICE TOWNSHIP,
DEBORAH HAYNES, AND
VENICE POLICE DEPARTMENT,
Defendants.

## MEMORANDUM OPINION AND ORDER

This is a wrongful-death case. Before the Court are Defendants City of Venice, Illinois, Venice Township, Deborah Haynes, and Venice Police Department's motions to dismiss. (ECF Nos. 15, 25). Plaintiff Clarice Hilliard responded. (ECF No. 22). For the reasons below, the Court **GRANTS** the defendants' motions: The Complaint is **DISMISSED WITHOUT PREJUDICE**.

### I.   PROCEDURAL & FACTUAL HISTORY

On the evening of February 20, 2018, police officers with the Venice Police Department pulled over Clifton Lovett ("the decedent") and arrested him "on the suspicion of driving under the influence." (Compl. 3, ECF No. 1). Shortly after, around 6:00 p.m., they "placed [the decedent] in a cell of the City of Venice Police Department lockup." (*Id.*).

"Venice Police Officer Defendant Deborah Haynes was put in charge of securing [the decedent] into the cell, supervising his incarceration, and monitoring [his] condition and well being, along with other unknown officers." (*Id.*). She failed to do so:

- "Defendant Deborah Haynes did not properly ensure that Lovett was safe in his cell while in Venice Police Custody";

- "Defendant Deborah Haynes failed to appropriately monitor [the decedent] while in Venice Police custody";

- "Defendant Deborah Haynes failed to recognize [the decedent's] condition while in Venice Police Custody";

- "Defendant Deborah Haynes failed to check on [the decedent] while in [] Venice Police custody"; and

- "Deborah Haynes' inaction[] in not monitoring [the decedent] and allowing him to remain in a cell without supervision and monitoring was objectively unreasonable and posed a substantial risk of serious harm to [the decedent's] health and safety."

(*Id.* at 3–4, 8).

Around 3:00 a.m. the next morning, the decedent "was found unresponsive and not breathing in his cell . . . ." (*Id.* at 4). He "was pronounced dead" an hour later. (*Id.*).

In 2019, Clarice Hilliard—"the Independent Administrator" of the decedent's estate—sued the City of Venice, Venice Township, and Deborah Haynes[1] alleging the following:

- Count I: "Wrongful Death" under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. § 180/0.01 *et seq.*, against each defendant;

- Count II: "Survival" under the Illinois Survival Act, 755 Ill. Comp. Stat. § 5/27-6 *et seq.*, against each defendant;

- Count III: "Unreasonable Conditions of Confinement" under 42 U.S.C. § 1983 and the Fourth Amendment against each defendant;

- Count IV: "*Monell* Claim" under federal common law against the City of Venice;

- Count V: "Respondeat Superior" under Illinois common law against each defendant; and

- Count VI: "Indemnification" under Illinois common law against each defendant.

---

[1] Hilliard also sued the Venice Police Department, but she acknowledged in her Response that it "is not a suable entity" and therefore "agree[d] to voluntarily dismiss [it] from [the] Complaint." (Pl.'s Resp. at 15).

(*Id.* at 1–11).

The defendants moved for dismissal, (*see* Defs. City of Venice, Venice Twp. & Venice Police Dep't's Mem. in Support 1, ECF No. 16 [hereinafter "Defs.' Mem."]; Def. Haynes's Mem. in Support 1, ECF No. 26); and Hilliard responded, (Pl.'s Resp. at 1).

## II. JURISDICTION

Federal courts have original jurisdiction in all cases and controversies arising under federal law. U.S. Const. art. III § 2; 28 U.S.C. § 1331. They also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Even so, "[t]he exercise of supplemental jurisdiction is purely discretionary." *Bailey v. City of Chi.*, 779 F.3d 689, 696 (7th Cir. 2015).

At first glance, this case falls under the Court's original jurisdiction: Hilliard alleges that the defendants violated the Fourth Amendment. As discussed below, however, she failed to state a Fourth Amendment claim. And although they "derive from a common nucleus of operative fact" as the federal constitutional claims, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), the Court will not exercise supplemental jurisdiction over the remaining state-law claims.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to seek dismissal of a complaint for failure to state a claim. To survive a motion to dismiss, the complaint's factual allegations must plausibly suggest "a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

All well-pleaded allegations must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. *Twombly*, 550 U.S. at 555. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' "*Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. LAW & ANALYSIS

Disregarding Hilliard's conclusory allegations, the threadbare Complaint failed to nudge her Fourth Amendment claim across the line from conceivable to plausible. That dooms her *Monell* claim too. And with no federal cause of action, the Court will not exercise supplemental jurisdiction over the remaining state-law claims (and thus will not analyze their sufficiency).

### A. The Complaint Failed to State a Claim for Unreasonable Conditions of Confinement.

"Section 1983 [of Title 42 of the U.S. Code] authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person who acted under color of state law. The policies underlying § 1983 include compensating individuals whose federally protected rights were violated and preventing future violations." Martin A. Schwartz, Section 1983 Litigation: Claims and Defenses § 1.01 (4th ed. 2020) (citing 42 U.S.C. § 1983).

"An actionable claim for relief under § 1983 requires a plaintiff to plead (1) a deprivation of a right secured by the constitution or laws of the United States (2) caused by an action taken under color of state law." *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003) (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979)).

Only the first requirement is at issue here. Hilliard alleges that the defendants are liable under § 1983 because their failure to secure, supervise, and monitor the decedent's condition and

well-being was *objectively unreasonable* under the Fourth Amendment. Naturally, the defendants disagree.

The Fourth Amendment prohibits unreasonable seizures of the person. U.S. Const. amend. IV. It applies to "the period of confinement between the arrest without a warrant and the preliminary hearing at which a determination of probable cause is made . . . ." *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992). Here, Hilliard argues that the defendants subjected the decedent to unconstitutional conditions and treatment during his warrantless detention.

"Claims regarding conditions of confinement for pretrial detainees . . . who have not yet had a judicial determination of probable cause . . . [are] governed by the" *objective reasonableness* standard applied to Fourth Amendment claims. *Williams v. Rodriguez*, 509 F.3d 293, 403 (7th Cir. 2007); *Lopez v. City of Chi.*, 464 F.3d 711, 719 (7th Cir. 2006). The question is thus whether the defendants' actions were "'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their intent or motivation." *See Graham v. Connor*, 490 U.S. 386, 397 (1989). Determining whether conduct was *objectively reasonable* "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing interests at stake." *See id.* at 396 (internal citations and quotation marks omitted).

The defendants contend that Hilliard failed to state a claim under the Fourth Amendment because "[t]he Complaint contains no other factual support to demonstrate additional supervision or monitoring was necessary based upon the Decedent's condition, nor does the Complaint demonstrate the specific ways in which Defendant Deborah Haynes failed to adequately monitor or supervise the Decedent." (Defs.' Mem. at 13). The Court agrees.

Several of Hilliard's allegations are not entitled to the assumption of truth because they are conclusory, including her allegations that: (1) "Haynes did not properly ensure that [the decedent] was safe in his cell"; and (2) "Haynes failed to appropriately monitor [the decedent]." These assertions about what is "proper" and "appropriate" necessarily involve subjective characterizations. "Such statements"—" 'mere unsupported conclusions of fact or mixed fact and law' "—"are not sufficient to defeat a motion to dismiss for failure to state a claim." *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995) (quoting *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 565 F.2d 1194, 1198–99 (7th Cir. 1977)). The same could be said about Hilliard's claim that "Haynes' inaction[] in not monitoring [the decedent] and allowing him to remain in a cell without supervision and monitoring was objectively unreasonable and posed a substantial risk of serious harm to [the decedent's] health and safety." (Compl. at 8). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

Turning instead to the well-pleaded facts, all that remains is the mere possibility that the defendants violated the Fourth Amendment. Even if Haynes failed to monitor or supervise the decedent, the Complaint does not allege any facts about the decedent's condition suggesting that Haynes's conduct was *objectively unreasonable* under the circumstances. At this preliminary stage, the Court must "draw on its judicial experience and common sense," *Iqbal*, 556 U.S. at 679; and as written, the Complaint "stops short of the line between possibility and plausibility of 'entitlement of relief,' " *Twombly*, 550 U.S. at 557 (citing Fed. R. Civ. P. 8(a)(2)) (brackets omitted). For these reasons, the Court **DISMISSES** Count III of the Complaint **WITHOUT PREJUDICE**.

### B. The Complaint Failed to State a Claim for *Monell* Liability.

In *Monell v. Department of Social Services*, the Supreme Court held that municipalities can be sued under § 1983 for constitutional violations committed by their employees so long as "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. 658, 690 (1978).

As discussed above, the Complaint failed to state a claim under § 1983. For that reason, Hilliard's claim for *Monell* liability also fails, for "[i]f the plaintiff fails to prove a violation of his constitutional rights in his claim against the individual defendants, there will be no viable *Monell* claim based on the same allegations." *Swanigan v. City of Chi.*, 775 F.3d 953, 962 (7th Cir. 2015). The Court therefore **DISMISSES** Count IV of the Complaint **WITHOUT PREJUDICE**.

### V.   CONCLUSION

The Court **GRANTS** Defendants City of Venice, Illinois, Venice Township, Deborah Haynes, and Venice Police Department's motions to dismiss: The Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**Dated: Tuesday, December 22, 2020**

<u>S/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**