IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARICE HILLIARD,
Plaintiff,

v.

CITY OF VENICE, ILLINOIS,
VENICE TOWNSHIP,
DEBORAH HAYNES, AND
VENICE POLICE DEPARTMENT,
Defendants.

Case No. 19–CV–00229–JPG

# MEMORANDUM AND ORDER

This is a wrongful death suit. Defendants City of Venice, Illinois ("City") and Venice Police Department moved to dismiss Plaintiff Clarice Hilliard's Amended Complaint, (ECF No. 62); and Defendant Venice Township moved for summary judgment, (ECF No. 73). Hilliard responded to the Motion to Dismiss, (ECF No. 66), but not the Motion for Summary Judgment. For the reasons below, the Court:

- **GRANTS IN PART AND DENIES IN PART** Defendants City and Venice Police Department's Motion to Dismiss;

- **GRANTS** Defendant Venice Township's Motion for Summary Judgment;

- **DISMISSES** Defendants Venice Police Department and Venice Township **WITHOUT PREJUDICE**;

- **DISMISSES** Defendant Deborah Haynes from Count III **WITHOUT PREJUDICE**; and

- **DISMISSES** Counts IV, V, and VI **WITHOUT PREJUDICE**.

## I. PROCEDURAL & FACTUAL HISTORY

According to the Amended Complaint, on February 20, 2018, Clifton Lovett was pulled over by police officers from the Venice Police Department "on the suspicion of driving under the influence." (Am. Comp. at 3, ECF No. 60). More specifically, the officers thought that "Lovett and his passenger were under the influence of drugs." *Id.* Indeed, the "passenger was contemporaneously transported to the hospital by ambulance to be treated for a suspected drug overdose." *Id.*

Although Lovett also demonstrated signs of overdose, the officers took him to the Venice Police Department instead. *Id.* At around 6:07 p.m., "Venice Police Officer Defendant Deborah Haynes was put in charge of securing [him] into the cell, supervising his incarceration, and monitoring [his] condition and well being, along with other unknown officers." *Id.*

Despite suspecting that Lovett could be overdosing and witnessing his "escalating medical distress, the Venice Police officers and Defendant Deborah Haynes did not take Lovett to the hospital prior to putting him into his cell." *Id.* at 4. Defendant Deborah Haynes also "did not check on Lovett from" the time she put him in the cell until 2:55 a.m. the next day. *Id.* In other words, she did not monitor Lovett via security camera, contact medical professionals to assess him even though he was in distress, or physically go to his cell to assess his condition. *Id.* at 4–5. In fact, "none of the officers" did. *Id.*

"[A]round 2:55 a.m. on February 21, 2018, . . . Lovett was found unresponsive and not breathing in his cell, and taken to Gateway Regional Medical Center in Granite City, Illinois." *Id.* at 5. Just over an hour later, he was dead. *Id.*

On behalf of Lovett's estate, Clarice Hilliard sued the City, Venice Township, Deborah Haynes, and Venice Police Department in this Court. Hilliard's Amended Complaint contains six causes of action:

- Count I: Wrongful Death (against all defendants),

- Count II: Survival (against all defendants),

- Count III: § 1983 Fourth Amendment for Unreasonable Conditions of Confinement (against all defendants),

- Count IV: *Monell* Claim (against the City and Venice Township),

- Count V: Respondeat Superior (against the City and Venice Township), and

- Count VI: Indemnification (against the City and Venice Township).

*Id.* at 5–14.

More specifically, Hilliard alleges that Defendant City "maintained a *de facto* policy, practice, and/or custom of failing to adequately supervise many at-risk arrestees (*e.g.*, those who have been told they are charged with crimes such as weapons violations and driving under the influence)." (*Id.* at 11). Similarly, she claims that Defendant City "maintained a *de facto* policy, practice, and/or custom of understaffing many of its lockups," including "the jail where Clifton Lovett was being held." (*Id.* at 11–12). These "policies, practices, and/or customs," she says, were "maintained and implemented with deliberate indifference to the constitutional rights of arrestees" and were "the 'driving force' and cause of Clifton C. Lovett's injuries and death." (*Id.* at 12).

Defendants City and Venice Police Department jointly moved to dismiss the Amended Complaint for failure to state a claim and to strike under Federal Rules of Civil Procedure 12(b)(6) and 12(f) respectively. (*See* Defs.' Mem. at 1–2, ECF No. 63). In brief, they seek "an order (1)

striking all causes of action against Defendant [Venice] Police Department and dismissing the same from this case; (2) dismissing Counts IV, V, and VI for failing to state a claim upon which relief can be granted; and (3) striking Counts V and VI against Defendant City as redundant." *Id.* at 3. Defendant City also argues that Counts III (§ 1983) and IV (*Monell*) are redundant given that Defendant Haynes is being sued in her official capacity. *Id.* at 5–6.

In response, Hilliard agreed to voluntarily dismiss Defendant Venice Police Department and Counts V and VI. (Pl.'s Resp. at 1–2, ECF No. 66). Thus, only two issues remain: (1) whether Count IV should be dismissed in its entirety for failure to state a claim, and (2) whether Count III should be dismissed as to Defendant City for being redundant. *Id.*

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a complaint that fails "to state a claim upon which relief can be granted . . . ." To survive dismissal, the complaint must contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* "To meet this plausibility standard, the complaint must supply 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Twombly*, 500 U.S. at 556). "[H]ow many facts are enough" for a claim be considered plausible "will depend on the type of case." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). Ultimately, "a well-pleaded complaint may proceed even if it

strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 500 U.S. at 556. But "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

Additionally, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'Redundant' matter consists of allegations that constitute a needless repetition of other averments in the pleading." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2021); *e.g.*, *Meyer v. Robinson*, 992 F.2d 734, 737 (7th Cir. 1993) (upholding dismissal of a "claim of malicious prosecution as redundant to the claim of false arrest"); *e.g.*, *Meyer v. Robinson*, 992 F.2d 734, 737 (7th Cir. 1993) (upholding dismissal of a "claim of malicious prosecution as redundant to the claim of false arrest"); *Jungels v. Pierce*, 825 F.2d 1127, 1130 (7th Cir. 1987) (noting that in a suit against a city and its mayor, "nothing was added by suing the mayor in his official capacity" because "the city is liable for the official actions of its senior policy-making official").

### III.   LAW & ANALYSIS

#### A. Dismissal of Defendants Venice Police Department and Venice Township, and Counts V and VI

Defendant Venice Police Department argues that it should be dismissed because it "is not a suable entity, but merely a department of the Defendant City. As such, the former does not have a separate legal existence from the latter." (Defs.' Mem. at 4). It also contends that Count V should be dismissed given that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 6. Finally, the defendants assert that Counts V and VI are redundant because Hilliard cannot establish an indemnification relationship between Defendant Haynes and Defendant City. *Id.* at 10–11.

With that in mind, the litigants settled these issues:

> The parties have agreed that Plaintiff will voluntarily dismiss the Venice Police Department as it is not an independent legal entity from the City of Venice. Secondly, the Parties have agreed that, given Defendant City of Venice's answer to Count I, II, and III of Plaintiff's Amended Complaint, Plaintiff will voluntarily dismiss Count V (Respondeat Superior) and Count VI (Indemnification).

(Pl.'s Resp. at 1–2).

Given this stipulation, the Court agrees that dismissal on these terms is proper. *See* Fed. R. Civ. P. 41(a)(2). The Court therefore **DISMISSES** Defendant Venice Police Department and Counts V and VI **WITHOUT PREJUDICE**.

Similarly, Hilliard says in her Amended Complaint that she "is not renewing its claims against Venice Township . . . and is not seeking an answer or other pleading from Venice Township pursuant to the agreement of the Parties." (Am. Comp. at 1 n.1). That said, she still named Venice Township as a defendant. (*See id.* at 1). Defendant Venice Township then moved for summary judgment, asserting that it "has absolutely no involvement in any of the events alleged . . . ." (Def. Venice Twp.'s Mot. for Summ. J. at 2). Hilliard did not respond.

Because Hilliard is not actually pursuing a claim against Defendant Venice Police Department, the Court will construe her failure to respond to the Motion for Summary Judgment as "an admission of [its] merits . . . ." *See* SDIL-LR 7.1(c). The Court therefore **GRANTS** the Motion and **DISMISSES** Defendant Venice Township **WITHOUT PREJUDICE**.

### B. Count III: Section 1983 Liability Against Defendant City

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory.' " *Gomez v. Toledo*, 446 U.S. 635, 639 (1980) (quoting 42 U.S.C. § 1983).

The defendants argue that Count III is redundant as to Defendant City because the claim is also against Defendant Haynes in her official capacity. (Defs.' Mem. at 5). Hilliard did not address this argument in her response, focusing instead on the secondary issue of whether she states a claim at all under *Monell* (discussed below). (*See* Hilliard's Mem. at 5–7, ECF No. 66).

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (emphasis in original) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). In other words, "[t]here is no longer a need to bring official capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive relief or declaratory relief." *Id.* at 167 n.14; *see, e.g.*, *Trafford v. City of Westbrook*, 256 F.R.D. 31, 32–33 (D. Me. 2009) (striking as redundant § 1983 claims against mayor and firefighter in their official capacity because the municipality was also a named defendant); *Clifton v. Ga. Merit Sys.*, 478 F. Supp. 2d 1356, 1361–62 (N.D. Ga. 2007) ("Although state officials literally are 'persons,' a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

For all that, the Court agrees that there is redundancy; but it is Defendant Haynes that should be dismissed, not Defendant City. Because Defendant City can be sued directly for the supposed constitutional violation, there is no need to bring an official capacity action against

Defendant Haynes. The Court therefore **DISMISSES** Defendant Haynes **WITHOUT PREJUDICE**.

### C. Count IV: *Monell* Liability Against Defendant City

In *Monell v. Department of Social Services*, the Supreme Court held that municipalities can be liable for the infringement of constitutional rights. 436 U.S. at 694. This so-called *Monell* liability applies "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Put differently:

> A local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority.

*Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010).

Additionally, for a plaintiff "to demonstrate that the [municipality] is liable for a harmful custom or practice, [she] must show that the [municipal] policymakers were 'deliberately indifferent as to [the] known or obvious consequences.' " *Id.* at 303 (quoting *Gable v. City of Chi.*, 296, F.3d 531, 537 (7th Cir. 2002)). This requires a specific level of culpability:

> [The government entity] must have been aware of the risk created by the custom or practice and must have failed to take appropriate steps to protect the plaintiff. Therefore, in situations where rules or regulations are required to remedy a potentially dangerous practice, the [municipality's] failure to make a policy is also actionable.

*Id.* Consequently, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *see also Thomas*, 604 F.3d

at 303 ("[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, except that it must be more than one instance, or even three.") (cleaned up).

Defendant City argues that dismissal is appropriate because the Amended Complaint fails to allege that the supposed constitutional violation was linked to a municipal policy or custom. (Defs.' Mem. at 7). The Court agrees.

Hilliard's boilerplate allegations cannot sustain a cause of action under *Monell*. Although the Amended Complaint states that Defendant City "maintained a *de facto* policy, practice, and/or custom of failing to adequately supervise many at-risk arrestees," its sole supporting fact is Lovett's death. (Am. Compl. at 11). In other words, Hilliard merely assumes that this conduct has occurred before. Similarly, Hilliard alleges that Defendant City "maintained a *de facto* policy, practice, and/or custom of understaffing many of its lockups"—again only pointing to one incident. (*Id.* at 11–12). Indeed, the Amended Complaint suggests that only Lovett suffered a constitutional violation, not any other inmate. True enough, Hilliard is "not required to identify every other or even one other individual who had" suffered a similar constitutional injury to state a claim under *Monell*. *See White v. City of Chi.*, 829 F.3d 837, 844 (7th Cir. 2016). But in that case, she must also allege that "proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *See City of Okla. City v. Tuttle*, 471 U.S. 808, 823–24 (1985). For example, although the *Monell* claim in *White v. City of Chicago* turned on a single incident where an arrest warrant was issued with insufficient information to establish probable cause, the plaintiff was still able to plausibly allege a widespread policy or custom by pointing to a "standard printed form" for warrant applications that did "not require specific factual support" and was generally used for all warrants. 829 F.3d at 844. Conversely, Hilliard's suggestion that Defendant City "maintained a *de facto*

policy, practice, and/or custom of understaffing many of its lockups" is a barebones assertion that does not adequately "demonstrate there is a policy at issue rather than a random event." *See Thomas*, 604 F.3d at 303; *see, e.g.*, *Petropoulos v. City of Chi.*, 448 F. Supp. 3d 835, 841 (N.D. Ill. 2020) ("It is difficult to sufficiently allege a *Monell* claim by pointing to only one example, particularly when that example is the plaintiff's own experience."); *Carmona v. City of Chi.*, No. 15-cv-00462, 2018 WL 1468995, at *2–3 (N.D. Ill. Mar. 26, 2018) (collecting cases). In sum, Hilliard's reference to a single instance of misconduct and a conclusory claim of widespread understaffing is not enough to state a *Monell* claim. The Court therefore **DISMISSES** Count IV **WITHOUT PREJUDICE**.

### IV.   CONCLUSION

The Court:

- **GRANTS IN PART AND DENIES IN PART** Defendants City and Venice Police Department's Motion to Dismiss;

- **GRANTS** Defendant Venice Township's Motion for Summary Judgment;

- **DISMISSES** Defendants Venice Police Department and Venice Township **WITHOUT PREJUDICE**;

- **DISMISSES** Defendant Deborah Haynes from Count III **WITHOUT PREJUDICE**; and

- **DISMISSES** Counts IV, V, and VI **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**Dated: Tuesday, July 27, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
